UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY RYAN, Plaintiff, v. UNITED STATES OF AMERICA, et al., Defendants. | Case No.: 26-CV-2945 JLS (DEB) **ORDER (1) GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*; (2) DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR LEAVE TO ELECTRONICALLY FILE DOCUMENTS; (3) DISMISSING WITHOUT PREJUDICE PLAINTIFF'S COMPLAINT; AND (4) DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF** (ECF Nos. 1–4) |

Presently before the Court are Plaintiff Jake Ryan's Complaint ("Compl.," ECF No. 1); Motion to Proceed *in Forma Pauperis* ("IFP Mot.," ECF No. 2); Motion for Leave to Electronically File Documents ("E-File Mot.," ECF No. 3); and Motion for Return of Unlawfully Seized Property and Preliminary Injunctive Relief ("PI Mot.," ECF No. 4).

Having carefully considered Plaintiff's filings and the applicable law, the Court **GRANTS** Plaintiff's IFP Motion, **DENIES WITHOUT PREJUDICE** Plaintiff's E-File Motion, **DISMISSES** Plaintiff's Complaint **WITH LEAVE TO AMEND**, and **DENIES WITHOUT PREJUDICE** Plaintiff's PI Motion.

## *IN FORMA PAUPERIS* MOTION

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1] *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Although the statute does not specify the qualifications for proceeding IFP, the plaintiff's affidavit must allege poverty with some particularity. *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). Granting a plaintiff leave to proceed IFP may be proper, for example, when the affidavit demonstrates that paying court costs will result in a plaintiff's inability to afford the "necessities of life." *Id.* The affidavit, however, need not demonstrate that the plaintiff is destitute. *Id.*

Here, Plaintiff's IFP Motion establishes that he has an income of $1,200 a month. IFP Mot. at 1–2. He has $47 in a checking account, owns no vehicle, and appears to have no other assets. *Id.* at 2. Further, Plaintiff's monthly expenses of $1370 exceed his monthly income. *Id.* at 4–5. The Court therefore concludes that Plaintiff has adequately demonstrated that paying the $402 filing fee would result in his inability to afford the necessities of life. Accordingly, the Court **GRANTS** Plaintiff's IFP Motion.

/ / /

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The additional $52 administrative fee does not apply to persons granted leave to proceed *in forma pauperis*. *Id.*

**MOTION FOR LEAVE TO ELECTRONICALLY FILE DOCUMENTS**

Generally, "[e]xcept as prescribed by local rule, order, or other procedure, the Court has designated all cases to be assigned to the Electronic Filing System." S.D. Cal. CivLR 5.4(a). With respect to *pro se* litigants, however, "[u]nless otherwise authorized by the court, all documents submitted for filing to the Clerk's Office . . . must be in legible, paper form." Office of the Clerk, United States District Court for the Southern District of California, *Electronic Case Filing Administrative Policies and Procedures Manual*, § 2(b) (June 30, 2023) [hereinafter "*ECF Manual*"], *available at* https://www.casd.uscourts.gov/_assets/pdf/cmecf/Electronic%20Case%20Filing%20Procedures%20Manual.pdf. "A pro se party seeking leave to electronically file documents must file a motion and demonstrate the means to do so properly by stating their equipment and software capabilities in addition to agreeing to follow all rules and policies in the CM/ECF Administrative Policies and Procedures Manual." *Id.* The *ECF Manual* refers to the Court's official website for CM/ECF technical specifications, *id.* at § 1(i), which include a "[c]omputer running on Windows or Macintosh"; "[s]oftware to convert documents from a word processor format to portable document format (PDF)," such as "Adobe Acrobat 7.0 and higher"; "[i]nternet access supporting a transfer rate of 56kb or higher"; a compatible browser, such as "Firefox 15, Internet Explorer 9, and Safari 5.1/6 or later version"; a "[s]canner to image non-computerized documents 400 pixels per inch (ppi)"; and a PACER account. United States District Court, Southern District of California, *CM/ECF Information: General Info*, https://www.casd.uscourts.gov/cmecf.aspx (last visited September 28, 2026).

Here Plaintiff states that he is "familiar with this Court's CM/ECF filing requirements" based on his past use. E-File Mot. at 3. But he makes no mention of his access to the CM/ECF technical requirements, such as a computer, internet access, and a scanner. Accordingly, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's E-File Motion. Plaintiff may file another Motion, addressing the electronic filing requirements listed on the Court's website. *See* United States District Court, Southern District of

/ / /

California, *CM/ECF Information: General Info*, https://www.casd.uscourts.gov/cmecf.aspx (last visited September 28, 2026).

**SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)**

**I. Standard of Review**

Because Plaintiff is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2). *See, e.g.*, *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding 28 U.S.C. § 1915(e)(2) screening applies to non-prisoners proceeding IFP); *see also Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)). Under this statute, the Court *sua sponte* must dismiss a complaint, or any portion of it, that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez*, 203 F.3d at 1126–27. "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citations omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires that a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Courts have a duty to construe a *pro se* litigant's pleadings liberally. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The district court should grant leave to amend if it appears "at all possible that the plaintiff can correct the

defect," unless the court determines that "the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000) (en banc) (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1988)).

## II. Plaintiff's Factual Allegations

Plaintiff, an investigative journalist, software developer, and digital artist, was suspected of and charged with transmitting through foreign or interstate communications a threat to kidnap or injure another person. Compl. ¶ 10, 21; *see also* 18 U.S.C. § 875(c). As a result, FBI agents executed a search warrant at his San Diego home, seizing all of his electronic devices. *Id.* ¶ 24. These devices contained, among other things, journalist work product related to Plaintiff's ongoing investigations, unpublished articles, notes, and research. *Id.* ¶ 25. Because Defendants knew that Plaintiff was engaged in journalistic activities, and because Plaintiff was required to give the government access to his journalist materials, Plaintiff alleges that Defendants violated the Privacy Protection Act, 42 U.S.C. § 2000aa(a), ("PPA") and his rights under the First Amendment. *Id.* ¶ 27, 37, 46.

## III. Analysis

### *A. Plaintiff's PPA Claims Fail*

The PPA "'generally prohibits government officials from searching for and seizing documentary materials possessed by a person in connection with a purpose to disseminate information to the public.'" *Morse v. Regents of Univ. of California, Berkeley*, 821 F. Supp. 2d 1112, 1120 (N.D. Cal. 2011) (quoting *Citicasters v. McCaskill*, 89 F.3d 1350, 1353 (8th Cir. 1996)). But the PPA excepts from protection individuals suspected of criminal activity when the materials seized relate to the offense. *Am. News & Info. Servs., Inc. v. Gore*, No. 12-CV-2186 BEN KSC, 2014 WL 4681936, at *13 (S.D. Cal. Sept. 18, 2014). So a search or seizure of a criminal suspect, conducted under a valid search warrant, does not violate the PPA. *Pataky v. City of Phoenix*, No. CV-09-01483-PHX-JAT, 2009 WL 4755398, at *9 (D. Ariz. Dec. 8, 2009); *see also United States v. Mittelman*, 999 F.2d 440, 443 (9th Cir. 1993) ("[The PPA] does not apply to criminal suspects . . . nor does it

require any showing greater than probable cause in order to secure a warrant for a search which might intrude upon confidential relationships.”).

Here, federal agents searched Plaintiff’s home and seized several electronic devices, some of which allegedly contained documentary materials and work product as defined under the PPA. But as Plaintiff’s Complaint clearly states, Plaintiff was a criminal suspect, so the PPA cannot protect him. Plaintiff tries to get over this hurdle by claiming that the PPA’s exception is inapplicable because the documents seized were not related to the offense charged. Compl. ¶ 38. This claim, however, is belied by the warrant, which authorized the “seizure of all items relating to violations of 18 U.S.C. § 875(c),” particularly, “any computers, electronic storage media, or other electronic devices.” *Id.* ¶ 22. As the materials seized fall plainly under the categories sanctioned by the warrant, those materials relate to the offense. Plaintiff’s claims under the PPA are thus **DISMISSED**.

***B. Plaintiff’s First Amendment Claim Fails***

“To bring a First Amendment retaliation claim, the plaintiff must allege that (1) it engaged in constitutionally protected activity; (2) the defendant's actions would “chill a person of ordinary firmness” from continuing to engage in the protected activity; and (3) the protected activity was a substantial motivating factor in the defendant's conduct—i.e., that there was a nexus between the defendant's actions and an intent to chill speech. *Arizona Students’ Ass’n v. Arizona Bd. of Regents*, 824 F.3d 858, 867 (9th Cir. 2016) (quoting *O’Brien v. Welty*, 818 F.3d 920, 933–34 (9th Cir. 2016)). However, “factual allegations that are consistent with lawful conduct are insufficient to state a claim against a party for violation of the party’s rights.” *Pataky v. City of Phoenix*, No. CV-09-01483-PHX-JAT, 2009 WL 4755398, at *5 (D. Ariz. Dec. 8, 2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). And because a search supported by probable cause is lawful conduct, the existence of probable cause forecloses these types of claims. *See Am. News & Info. Servs., Inc. v. Gore*, 778 F. App'x 429, 432 (9th Cir. 2019).

/ / /

Here, there is no indication that the search warrant lacked probable cause. Thus, Plaintiff's First Amendment claim cannot stand. And even if there was such an indication, Plaintiff's claim would still fail because he pleads no facts that suggest the agents' actions were motivated by Plaintiff's speech. Plaintiff's First Amendment claims are therefore **DISMISSED**.

***C. Leave to Amend***

For the above-mentioned reasons, the Court finds Plaintiff's Complaint fails to state any claim upon which relief can be granted and that the Complaint must be dismissed *sua sponte* and in its entirety pursuant to 28 U.S.C. § 1915A(b)(1). Because Plaintiff is proceeding pro se, the Court, having now provided him with "notice of the deficiencies in his complaint," will also grant him an opportunity to fix them. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

**MOTION FOR PRELIMINARY INJUNCTIVE RELIEF**

A plaintiff seeking preliminary relief must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Here, because Plaintiff's Complaint has not survived screening, Plaintiff has failed to establish a likelihood of success on the merits. *Keavney v. O'Brien*, No. 3:20CV1443-MMA-MSB, 2020 WL 7318120, at *5 (S.D. Cal. Dec. 11, 2020) ("[B]ecause the Court found that Plaintiff's Complaint failed to state a claim upon which Section 1983 relief may be granted, he has failed to demonstrate for purposes of preliminary injunctive relief a likelihood of success on the merits.") (citing *Thomas v. Chu*, No. 3:20-cv-00245-GPC-BGS, 2020 WL 5408944, at *10 (S.D. Cal. Sept. 9, 2020)). Accordingly, the Court **DENIES** Plaintiff's TRO Motion.

/ / /

/ / /

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiff's IFP Motion (ECF No. 2), **DENIES WITHOUT PREJUDICE** Plaintiff's E-File Motion (ECF No. 3), **DISMISSES** Plaintiff's Complaint in its entirety **WITH LEAVE TO AMEND** (ECF No. 1), and **DENIES WITHOUT PREJUDICE** Plaintiff's TRO Motion (ECF No. 4). The Court grants Plaintiff forty-five (45) days from the date on which this Order is electronically docketed in which to file an amended complaint curing the deficiencies of pleading noted herein. Should Plaintiff fail to file an amended complaint in accordance with this Order, the Court will enter a final order dismissing this civil action without prejudice based on Plaintiff's failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated: October 6, 2026

Janis L. Sammartino

Hon. Janis L. Sammartino
United States District Judge